*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HUTCHINSON/LOVE, Minors.

UNPUBLISHED
January 19, 2023

No. 361550
Genesee Circuit Court
Family Division
LC No. 20-136616-NA

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Respondent[1] appeals as of right the order terminating her parental rights to JL and KL (collectively, the children), pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). We affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On January 30, 2020, a petition was filed, alleging that respondent neglected her children and was unfit to continue caring for them. The petition alleged that JL was physically abused, respondent entertained various men while her daughters walked around naked, respondent was using cocaine and ecstasy and leaving the drugs within the reach of her children, the children's clothes were dirty and soiled with urine and feces, and everything in the home was dirty. Respondent went to the hospital with the children where JL was treated for a bruised face and a burn on her foot. Respondent became upset when the treating medical personnel questioned the plausibility of respondent's explanation for the injuries. Respondent's inappropriate reaction, including throwing milk and flipping tables, caused her to be arrested, leaving the children without proper care and custody. The court authorized the petition and respondent pleaded to jurisdiction.

---

[1] "Respondent" refers to respondent-mother only. Respondent asserted that the same man was the biological father to both children. Although the father's parental rights were also terminated, he is not a party to this appeal.

The father assumed responsibility for the children, but, after he abandoned the children, they were moved to the care of respondent's relative, JM. The court ordered respondent to participate in parenting and anger management classes, submit to scheduled and random drug screens, attend parenting time or visitation, get a psychological evaluation, obtain suitable housing, and find stable employment. Respondent moved to Ohio, representing that she needed to leave behind local negative influences and requested visits with her children by video. Her request was granted, but the caseworkers concluded that respondent was under the influence when they contacted her and during the visits. Respondent admitted that she smoked marijuana before a visit, but the workers believed that her behavior was indicative of other substances. In light of respondent's impaired conduct, JM did not wish to supervise the visits any longer, believing that respondent attempted to take advantage of their familial relationship. Additionally, it was difficult for the caseworkers to provide services to respondent in light of her move to a location five hours away. The caseworkers believed that respondent should attend an inpatient substance abuse program.

Eventually, respondent returned to Michigan, but she did not comply with most of the court-ordered services. Though respondent did complete the parenting and anger management classes, she did not appear to benefit from the classes or show improvement. Further, respondent missed most of the drug screens, and only produced one negative screen during the two years the case was pending. Respondent also frequently missed parenting time and displayed inappropriate behaviors at some of the visits she did attend. She had to be tracked down to give her consent for JL to have significant dental work. Respondent inconsistently worked during the two years the case was pending and never obtained stable housing. She did not complete a psychological evaluation and determined it was more important to give JL a birthday party than attend the evaluation.

The children were initially cared for by their father. However, he failed to communicate with the caseworkers. Eventually, a court order was required to compel a visit with the children. It was learned that the father misrepresented who was caring for the children, had left the children with a person, never took the children to their scheduled doctor's appointments, and did not respond when the person attempted to return the children to him. The person contacted respondent to return the children, and respondent aided in their placement with JM.[2] When the children were located, it was discovered that they suffered from a rash that required medical treatment because of an allergic reaction. Additionally, one of the children suffered from a severe case of ringworm and the other displayed signs of sexual abuse. Both children had permanent physical scars from abuse.

The children substantially improved in JM's care and received the substantial medical and mental health treatment they needed. However, when the children spent time with respondent or

---

[2] We recognize that the father is not a party to this appeal, and this background information is provided to demonstrate the extent of the children's health and welfare challenges, including physical abuse that occurred while the children were in respondent's care. Respondent was not faulted for the father's actions.

respondent failed to attend scheduled parenting time, the children reverted back to trauma-induced behaviors and showed signs of regression.

The guardian ad litem (GAL) opined that parenting time with respondent was harmful to the children because of her inconsistent attendance and emotional outbursts. The GAL further opined that respondent only participated in services shortly before a court hearing to make it appear that she was making progress, to avoid a change from the goal of reunification, and to obtain an extension of time. The GAL acknowledged that the children's relative placement with JM generally weighed against termination of parental rights but the GAL concluded it was insufficient in this case. The GAL also noted that the children suffered severe physical abuse, had the scars to prove it, and engaged in a variety of coping mechanisms such as rocking. JM had to address the consequences of the children's abuse. The GAL noted that she deliberately did not call JM to testify in order to continue the working relationship between respondent and JM. The GAL declined to attribute any deficiencies in respondent's progress to the pandemic, noting that services had resumed for quite some time and the case had been pending for nearly two years. The GAL repeatedly advised respondent that her parental rights would not be terminated for failing to maintain employment and her focus should be on obtaining sobriety. Nonetheless, respondent did not pursue this aspect of her plan or complete inpatient treatment. Consequently, the GAL recommended the termination of respondent's parental rights.

Respondent testified that she recently tested negative for any substances. She explained that this result was not the product of any treatment program but because of her resolve to have her children returned to her care. She delineated a typical day of activities and meals when she had custody of her children. Respondent testified that she focused on employment and housing and anticipated using her tax refund to obtain an apartment. Respondent's counsel asserted that respondent's ability to obtain services and employment was negatively impacted by the pandemic. Respondent prioritized employment in order to financially provide for the children. But working two jobs prevented respondent from completing drug screens. If given an additional three months, respondent could complete the psychological evaluation and substantially comply with services. Counsel requested that any decision be held in abeyance or a guardianship be imposed.

The trial court acknowledged that respondent made some effort and challenged the services she was provided in light of the pandemic. But respondent did not raise deficient services by petitioner during the 24-month period that the case was pending to allow the court to address her claims. Furthermore, she did not seek an alternative location or time to appear for the drug screens in light of her employment. The trial court noted that respondent failed to complete a substance abuse evaluation and her history did not indicate she could stop her drug use on "strong will" alone. Although respondent opted to attend her parenting time instead of the psychological evaluation, the evaluation could not be immediately rescheduled and would not occur until after the hearing was concluded. The trial court found that there was clear and convincing evidence to support the statutory grounds for termination of parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g) and (j). The trial court proceeded to address scheduling matters when it realized it did not address the children's best interests. Citing the children's ages and their need for permanency and stability, the trial court concluded that termination of respondent's parental rights was in their best interests. However, the trial court did not address the relative placement with JM or a potential guardianship as requested by respondent's counsel. From this decision, respondent appeals.

## II. STATUTORY GROUNDS

Respondent alleges that the trial court erred in finding clear and convincing evidence to support the statutory grounds for termination of her parental rights. We disagree.

To terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination expressed in MCL 712A.19b(3) has been established. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (citation omitted).[3] A challenge to the trial court's finding that a statutory ground for termination was established is reviewed for clear error. *Mota*, 334 Mich App at 320. A finding is clearly erroneous when there is some evidence to support it, but a review of the entire record, leaves the reviewing court with the definite and firm conviction that the trial court made a mistake. *Ellis*, 294 Mich App at 30. Regard is given to the trial court's special opportunity to determine the credibility of the witnesses who appeared before it. *Id*. at 33. Generally, the state may not fail to evaluate or involve a respondent, but then terminate her rights premised on her failure to comply with the case service plan at that time or in the future. *In re Mason*, 486 Mich 142, 159-160; 782 NW2d 747 (2010). We conclude that there was clear and convincing evidence to support MCL 712A.19b(3)(c)(*i*), and the trial court did not clearly err in its determination. *In re Mota*, 334 Mich App at 320.

Pursuant to MCL 712A.19b(3)(c)(*i*), a court may terminate parental rights if the respondent was in a proceeding pursuant to this chapter, "182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . . [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Contrary to respondent's assertion, this statutory ground was satisfied. Respondent took her children in for medical treatment when JL suffered a bruise to her face and a burn to her foot. She offered that the facial injury occurred because JL fell down the stairs and that the foot injury occurred because JL stepped on a curling iron. But respondent's explanation was inconsistent with the nature of the injuries. After medical personnel questioned respondent's explanation, respondent became angry, threw milk, flipped tables, and attempted to leave with the children. She was subsequently arrested. Respondent admitted that she became upset at the hospital, placed the children at risk of harm by leaving them without anyone to take care of them, and had an attitude problem. In other words, respondent admitted that she did not provide proper care and custody to her children and

---

[3] See also *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011) ("Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds."). We note that respondent failed to challenge the trial court's decision to terminate her parental rights under MCL 712A.19b(3)(c)(*ii*). Therefore, even if respondent successfully challenged the trial court's findings regarding the other three statutory grounds for termination, the trial court's decision to terminate respondent's parental rights would not require reversal in light of the lack of a challenge to the trial court's finding under MCL 712A.19b(3)(c)(*ii*).

reacted inappropriately. Based upon these admissions, the court found sufficient factual basis to assume jurisdiction.

The children were approximately three and one years old when they were removed from respondent's care. JM assumed the care of the children as a relative placement. The children suffered from medical, dental, physical, and emotional issues. When the children resided with respondent, they incurred physical abuse that left permanent scars. Although respondent engaged in visitation with the children, her visits and her behaviors during the visits were inconsistent. Respondent became emotional and objected to the mask policy in place. Respondent's parenting time never advanced to unsupervised overnight visits, but rather, her visits with the children caused them to regress and experience trauma. Because of the adverse impact on the children, the parenting time ended. Moreover, respondent did not obtain suitable housing and demonstrate that she could provide a safe, drugfree environment for the children. Respondent's recent negative drug screen did not demonstrate a successful commitment to sobriety. To her credit, respondent completed parenting and anger management classes, but she did not seem to benefit from them as her behavior remained erratic, emotional, and aggressive. See *In re Sanborn*, 337 Mich App 252, 274; 976 NW2d 44 (2021) (holding that mere completion of services is not the same as overcoming the barrier in place).[4] Respondent never completed the court-ordered psychological examination or the recommended inpatient substance abuse treatment to address the cause of her adverse reactions and drug abuse and prevent their reoccurrence. Respondent's behavior was harmful to her children, causing them grief and frustration.

Respondent had two years to correct her behavioral issues that led to her children being placed in harm's way, but she failed to do so. Nothing in the record indicates that there is a reasonable probability that respondent would rectify these issues within a reasonable amount of time. See *In re White*, 303 Mich App 701, 712; 846 NW2d 61 (2014). Therefore, the trial court did not erroneously find that a ground for termination existed under MCL 712A.19b(3)(c)(*i*).[5]

---

[4] Respondent seemingly asserted that clear and convincing evidence was not presented because petitioner relied on past, not future acts, and the caseworkers did not personally observe respondent during parenting time. Respondent failed to engage in psychological or substance abuse services in order to determine the cause of her issues, to address those issues to prevent them from occurring, and to eliminate their negative impact on her children. Although the caseworkers may not have personally observed respondent's conduct during parenting time, the caseworkers were apprised of what transpired during the visits through the employees' notes. Moreover, although respondent claimed that petitioner failed to provide services in light of the pandemic, she did not appear to raise this issue until the termination hearing. Thus, petitioner never received a request to find a new location for the drug screens to accommodate respondent's transportation and employment issues.

[5] Although only one statutory ground for termination of parental rights is necessary, the trial court also did not clearly err in concluding that MCL 712A.19b(3)(c)(*ii*), (g), and (j) were satisfied by clear and convincing evidence in light of the underlying facts.

### III. BEST INTERESTS

Respondent asserts that the trial court clearly erred when it determined that termination of respondent's parental rights was in the children's best interests under MCL 712A.19b(5). In light of the trial court's failure to address the issue of relative placement, we vacate the trial court's best-interests determination and remand.

Once a statutory ground for termination has been established, the trial court must conclude that termination of parental rights is in the child's best interests before it can terminate parental rights. MCL 712A.19b(5); *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). A trial court's decision regarding a child's best interests is also reviewed for clear error. *In re Laster*, 303 Mich App 485, 496; 845 NW2d 540 (2013). When making the best interests determination, the trial court may consider the entire record. *In re Pederson*, 331 Mich App 445, 476; 951 NW2d 704 (2020).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

A child's placement with relatives is also a factor to consider and generally weighs against termination. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). When a child is placed in the care of a relative at the time of the termination hearing, the trial court must explicitly address that factor. *Mason*, 486 Mich at 164. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43.

In this case, the trial court's analysis of the children's best interests considered the ages of the children and their need for permanency and stability. However, the trial court did not address the children's placement with respondent's relative, JM. The GAL noted the relative placement but opined that it was insufficient to preclude the termination of respondent's parental rights in light of the severe physical and mental harm to the children. Contrarily, respondent's counsel submitted that the relative placement and a potential guardianship weighed against the conclusion that termination of respondent's parental rights was in the children's best interests. Although the issue of relative placement was raised by the parties, the trial court failed to expressly consider the children's relative placement in its best-interests analysis. Accordingly, the trial court clearly erred by finding that termination of respondent's parental rights was in the children's best interests

without addressing the issue of relative placement. The trial court's best-interests analysis is vacated, and we remand to the trial court for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

# Court of Appeals, State of Michigan

## ORDER

In re Hutchinson/Love Minors

Docket No.    361550

LC No.        20-136616-NA

Elizabeth L. Gleicher
Presiding Judge

Kirsten Frank Kelly

Anica Letica
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the court is to make findings with respect to the relative placement in the context of its overall best-interests analysis. The proceedings on remand are limited to the best-interests analysis, as explained in more detail in the accompanying opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. The trial court shall complete the proceedings within 63 days after the issuance of this order. Within seven days after entry, respondent shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 19, 2023
Date

_____
Chief Clerk